# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REINALDO REYES,**
        **Petitioner,**

**v.**                                                **Civil Action No. 3:18-CV-40**
                                                                             **(GROH)**

**ENTZEL, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 21, 2018, the *pro se* petitioner filed a Petition[1] pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. At the time this matter was filed, Petitioner was a federal inmate housed at Hazelton FCI in Bruceton Mills, West Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

### II.    PROCEDURAL HISTORY

#### A.    Petitioners' Conviction and Sentence[2]

On March 28, 2014, in the Southern District of New York, Petitioner entered a plea of guilty to a superseding information which charged him with conspiracy to commit

---

[1] The Court notes that although Petitioner used the Court-approved form, a number of pages of that form were missing from the filing.

[2] The facts are taken from Petitioner's criminal case, docket number 1:13-CR-357 in the Southern District of New York, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

robbery, in violation of 18 U.S.C. § 371. ECF No. 86. On July 2, 2014, Petitioner was sentenced to 60 months of incarceration. ECF No. 107.

### B. Petitioner's Direct Appeal

A review of PACER shows that Petitioner did not appeal his criminal conviction.

## III. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## IV. ANALYSIS

The Petitioner, federal inmate number 83501-083[3], filed a habeas corpus claim pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof."

---

[3] The Court notes that in his petition, Petitioner lists his inmate number as 83501-038 [ECF No. 1 at 1], and that is the inmate number listed by the Clerk on the docket sheet. However, in several other documents which Petitioner filed with his petition, his inmate number is listed as 83501-083, including his memorandum in support [ECF No. 1-1 at 6, 7], Incident Report 3076769 [ECF No. 1-2 at 1], copy of a prescription [ECF No. 1-2 at 2] and envelope [ECF No. 1-4]. Moreover, a search of the Bureau of Prisons' inmate locator shows that no prisoner is assigned inmate number 83501-038. Accordingly, it appears that Petitioner transposed the last two digits of his inmate number on his petition, and that his inmate number is correctly 83501-083.

According to the Bureau of Prisons' Inmate Locator service, Petitioner was released from custody on October 11, 2018.  https://www.bop.gov/inmateloc/.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this court lacks jurisdiction, this court cannot entertain the petition.

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

Because the Petitioner's address on the docket is still listed as Hazelton FCI, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date.

DATED: January 30, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE